Statement.

## Staunton.

County School Board of Albemarle County v. A. J. Farish's Adm'r and Others.

September 30, 1895.

1. Chancery Pleading—*Multifariousness—Convenience—Injury to Parties.*—A bill will not be declared multifarious if it proposes to accomplish the end in view in a manner and by a proceeding convenient to all concerned, unless the course pursued is so injurious to one or more of the parties as to render it inequitable to accomplish the general convenience in that manner.

2. Chancery Pleading—*Multifariousness—Case at Bar.*—A decedent had been county treasurer for several terms, and had given official bonds with sureties for each term for which he was elected. Upon his death, a bill was filed against his administrator and the sureties on his several official bonds as treasurer, for the purpose of administering his estate, settling his several accounts as treasurer, and having decrees against his administrator and the sureties on his several official bonds for the amounts due by them respectively.

Held:

The method pursued is convenient and suitable, no injury is thereby done to any one, and the bill is not multifarious.

Appeal from a decree of the Circuit Court of Albemarle county, pronounced May 16, 1895, in a suit in chancery wherein appellant was the complainant, and the appellees and others were the defendants.

*Reversed.*

This was a suit in chancery brought by the County School Board of Albemarle county against the personal representative of A. J. Farish, deceased, who had been treasurer of the county for a number of terms, and against the sureties on his

several official bonds, for the settlement of his estate and of his accounts, as treasurer, of the school funds of the county. The several school districts of the county were also made parties defendants.

The bill alleged that A. J. Farish owned no real estate at the time of his death. The prayer of the bill, after making parties, was " that the said W. G. Farish, administrator of A. J. Farish, deceased, may be compelled to make a full and true report of all the receipts and transactions of his said intestate as treasurer of the said county, and hereinbefore set forth, on account of the said county school tax and district school tax, and that all proper accounts be taken relating to the receipt and disbursement of said taxes necessary to show a full and final settlement of the said treasurer in relation thereto during each year of his several terms of office; that an account may be taken of the transactions of the said W. G. Farish as administrator of A. J. Farish, and the estate of the said A. J. Farish be administered and settled up by the orders of this court.

" That all other proper accounts may be taken, and that the complainant may have a decree against the estate of the said A. J. Farish and the sureties on his several bonds for the amount shown to be due by him as county treasurer as aforesaid on account of his transactions as hereinbefore set forth, in accordance with complainant's rights against the obligors on the said several bonds.

" That complainant may have an attachment against the aforesaid real estate of the defendant, T. M. Farish, to secure and enforce the claims herein set forth for which he is liable, and that the said real estate so attached may be subjected in a proper manner to the payment of such claim for which the said T. M. Farish is liable. And that complainant may have such other, further, and general relief as the nature of the case may require or to equity may seem meet and proper.

" And complainant will ever pray, etc."

There was also an amended and supplemental bill filed, not materially altering the charges of the original bill, but giving explanations and details of the charges of the original bill. To the bill as amended some of the defendants demurred.

On the hearing of the demurrer the Circuit Court entered the following decree :

"The original and amended bills in this cause having been regularly filed at rules, the case matured and set for hearing, and the defendants, or some of them, having filed a demurrer to each of said bills, thereupon this cause came on this day to be heard upon said bills and exhibits therewith and the demurrers aforesaid, and was argued by counsel.

"On consideration whereof the court is of opinion that where there are several bonds given by the same principal, but different sureties (as there were in this case, viz., seven bonds given by A. J. Farish as treasurer, but the sureties in said bonds were not the same in every case), it may be proper to file a bill against the personal representative of the principal after his death, *and all of said sureties, for the purpose of ascertaining the liability of the parties on the several obligations and to recover the money.*

"But when a bill is filed, as in this case, for the purpose of *settling the estate of the principal obligor* in several bonds, and it is sought, in the same proceeding, to recover of the sureties in said bonds the sums alleged to be due by them, for which purpose the sureties and the representatives of such as are dead are made parties, then, in the opinion of the court, such a bill is clearly multifarious.

"Hence, as both of the bills in this case seek such results as have been just mentioned, they are multifarious, and it is therefore ordered that both of said bills be, and the same are hereby, dismissed, the court refusing leave to amend, which is asked for by the plaintiff.

Opinion.

" It is further ordered that said plaintiff, the County School Board of Albemarle county, do pay to the defendants their costs by them about their defence in this behalf expended." * * *

*M. Woods, D. Harmon,* and *John B. Moon,* for the appellant.

*Duke & Duke* and *George Perkins,* for the appellees.

HARRISON, J., delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court of Albemarle county, entered at its May term, 1895, dismissing, on demurrer, the original and amended bills filed by the appellant, for multifariousness.

These bills were filed by the County School Board of Albemarle county, alleging that A. J. Farish had been treasurer of Albemarle county, by virtue of successive elections, for a period of twenty years; that after each election he qualified, and gave bond with sureties, as required by law; that the said Farish had failed to account for more than $25,000 belonging to the county school fund, which he had received as treasurer; and that, in addition to this, he was largely indebted on account of the district school tax collected by him during the time mentioned; that it was the duty of the appellant, under express provision of the statute, to institute all necessary proceedings to secure a settlement of the accounts of the treasurer, and to compel the payment of any balance that might remain in his hands; that it was impossible to have a full and clear exhibit of these various transactions, in connection with the receipt and disbursement of these public school funds, so as to ascertain the balance due, and to compel its payment, without the aid of a court of equity.

It is further alleged that A. J. Farish had departed this life, leaving only certain personal property, which was insufficient to pay his debts. The appellant then asks that the administrator of A. J. Farish and the sureties on his official bonds be made parties defendant, and prays that the estate of A. J. Farish may be settled under the orders of the court; that all other necessary and proper accounts may be taken; and that the complainant may have a decree against the estate of A. J. Farish and the sureties on his several bonds for the amount shown to be due by him as treasurer, in accordance with the complainant's rights against the obligors in said bonds.

This court has so often announced its views touching the subject of multifariousness that it is deemed unnecessary to encumber this opinion with further repetition of principles that may now be considered settled. Applying the most rigid test that can be invoked to the bills in this case, we are unable to perceive that they are liable to the objection of multifariousness.

Courts, in dealing with this question, look particularly to convenience in the administration of justice; and, if this is accomplished by the mode of proceeding adopted, the objection of multifariousness will not lie, unless the course pursued is so injurious to one party as to make it inequitable to accomplish the general convenience at his expense. So that, when we look to see if a bill is multifarious, the first question to be determined is, does the bill propose to reach the end aimed at in a convenient way for all concerned? And, if the mode adopted does accomplish the end of convenience, then the question arises, is any one hurt by it, or so injured as to make it unjust for the suit to be maintained in that form?

In this case it was not only the right, but the duty, of the appellant to assert its several debts against A. J. Farish's estate in one suit, and it was proper to bring the sureties on

Opinion.

those several debts, and the representatives of such as were dead, before the court, for the convenient administration of justice in the case to all parties concerned.

It is insisted, however, that because these bills pray for a settlement of the estate of A. J. Farish, deceased, and also pray for a decree against the sureties, they are thereby rendered multifarious. The sureties of A. J. Farish in these bonds, if solvent, were equally interested with appellant in the settlement of the estate of A. J. Farish. It was important for them that the court should at once take charge of that estate, and administer it, so that its assets might be applied to their relief. They would have had the right to bring suit against the appellant and Farish's estate, to compel the latter to pay the debt, so as to exonerate them from responsibility, if appellant had not asked that to be done in this suit.

The sureties had the right to require that the assets belonging to the estate of their principal should be applied to the debts sued for, before a decree could be rendered against them, if this could be done without subjecting the creditor to unreasonable or unjust delay. All this could be accomplished in the one suit, with great convenience to all the parties interested, and it is difficult to perceive how the appellees could be prejudiced thereby. All the parties to this suit are not only proper, but necessary; and the scope of the bills and the prayers for relief are not broader than they should be to conveniently reach the ends of justice and settle the rights of all parties concerned.

We are, therefore, of the opinion that the bill and the amended bill of the complainant were not objectionable for multifariousness; that the decree of the Circuit Court dismissing those bills for that cause is erroneous, and must therefore be reversed and set aside, and the cause remanded to the Circuit Court, to be there proceeded with in accordance with his opinion.

*Reversed.*