| 93 | 263 |
| 100 | 731 |

| 93 | 263 |
| 107 | 28 |

## Wytheville.

C. D. ORR AND R. E. LITTON v. GOODLOE, TRUSTEE AND
OTHERS.

JUNE 25, 1896.

Absent, Harrison, J.

1. MISREPRESENTATIONS—*Statements of Opinion—Fact—Rescission.*—The
misrepresentations which will sustain a bill for rescission of a contract
must be positive statements of fact, made for the purpose of pro-
curing the contract. They must be material and untrue, and the
party to whom made must have relied on them, and been induced
by them to enter into the contract. In the case in judgment, the
representations that a hotel would be erected, a bridge built, and
streets graded, were expressions of an existing purpose, and not
representations of existing facts.

Appeal from a decree of the Circuit Court of Wise county,
pronounced September 21, 1894, in a suit in chancery,
wherein the appellees were the complainants, and the ap-
pellants were the defendants.

*Affirmed.*

The opinion states the case.

*Burns & Fulton,* for the appellants.

*Duncan, Mathews & Maynor* and *J. F. Bullitt, Jr.,* for the
appellees.

KEITH, P., delivered the opinion of the court.

The bill filed in this case shows that in May, 1890, W. T.
Goodloe, trustee, sold to C. D. Orr and R. E. Litton a lot of

ground in plat "A" of the Sulphur Springs Addition of Big Stone Gap, Virginia, for the sum of $800.00, one-third in cash, and the residue payable in two instalments at nine and eighteen months, evidenced by negotiable notes payable at the Bank of Big Stone Gap, Virginia. On the 16th of May, 1890, Goodloe executed a deed for the lot with covenants of general warranty, and reserved a lien to secure the deferred payments. His bill avers that there is a balance due him upon the purchase price of this lot, and he asks that C. D. Orr and R. E. Litton be made parties defendant; that they be required to answer same on oath; and that a decree be given him for what may appear to be due him.

Orr and Litton filed their answer, which was treated as a cross-bill. In it they admit the purchase of the lot as set out in the bill, but they aver that they were induced to buy by reason of the false and fraudulent representations made to them by those interested in the sale of the lots, and for whom Goodloe, the plaintiff, was acting as trustee. The representations relied on are that the respondents were assured that their vendors "would build as soon as it could be done a substantial bridge across Powell's river from said Sulphur Springs Addition to the land on which the L. & N. R. R. depot is situated; that they had made financial arrangements and would build, as soon as it could be done, a large and commodious hotel on a certain knoll in said Sulphur Springs Addition; that they had made financial arrangements to continue the grading of streets, and would continue the grading." The respondents aver that all of these representations were false and fraudulent; that no financial arrangements had been made, nor was there any intention to complete said improvements, or any of them, at the time the representations were made; and they further aver that these representations constituted the inducement which led them to purchase the lot in the bill mentioned, without which they never would have made the purchase.

Goodloe, trustee, answered this cross-bill and denied all of its material allegations.

Depositions were taken, from which it appears that the persons for whom Goodloe was acting as trustee did represent that a substantial bridge would be built across the river; that a hotel would be erected, and that the streets would be graded substantially, as is claimed in the cross-bill of the defendants, Orr and Litton, but the proof fails to show that there were any representations as to any financial arrangements having been made or entered into, as charged in the cross-bill.

The only representation of an existing fact which is set out in the cross-bill is the averment that the defendants were assured that financial arrangements had been made, and as to this averment there is no proof. With respect to the representation that a hotel would be erected; that a bridge would be built; and that streets would be graded, they were but the expression at most of an existing purpose, and not a representation of an existing fact.

In the case of *Watkins* v. *West Wytheville Land Co.*, 92 Va., which was an action at law, it is said: "A misrepresentation, the falsity of which will afford a ground of action for damages, must be as to an existing fact. It must be an affirmative statement or affirmation of some fact, in contradistinction to a mere expression of opinion, which ordinarily is not presumed to deceive or mislead."

In that case two pleas were rejected which averred that the plaintiff represented at the time of the sale that certain valuable improvements, to-wit, a hotel, store, factory, and other manufacturing plants would be erected, and that an electric railroad would be constructed near the property which would greatly increase the value of the lots; that these representations were false; that the improvements had not been made, and that the lots had consequently become of little value.

It will be seen that the representations in that case were identical in character with those relied upon here. It is true, that, in the case just cited, the first plea was admitted, because, while it did not allege any fraud or misrepresentation, it did allege that, at the time of making the writing sued on, and contemporaneously with the contract of sale, and as a part thereof, the plaintiff in consideration that the defendant would purchase the lots, undertook, and then and there faithfully promised the defendant that there should be constructed and built upon said company's lands, and near the lots sold, an hotel to cost not less than $50,000.00; that the defendant relying upon this promise and undertaking of the plaintiff, did buy the lots and execute the writing sued on; that the plaintiff did not perform its promises, and that by reason of the breach he has suffered damage to the amount of $900. That was a perfectly good plea of set off, and this court held that it had been improperly rejected by the Circuit Court.

The opinion in that case goes on to say, in respect to that plea, that if it can be "supported by legal proof, the defendant would be entitled to recover." Of this there can be no doubt, and the court emphasizes the character of the evidence required in order to exclude the idea that a contract in writing could be altered or varied by proof of a contemporaneous verbal understanding or agreement. The law is so clearly stated in the case just referred to that any further citation of authority would seem to be unnecessary.

This court has, however, still more recently reaffirmed this statement of the law in the case of *Max Meadows Land and Improvement Company* v. *Brady*, 92 Va. 71, in which the Virginia authorities upon the subject are considered. It is there said that "the misrepresentations which will sustain an action of deceit, or plea at law, or bill for the rescission of a contract, must be positive statements of fact, made for the purpose of procuring the contract; that they must be untrue;

that they are material; and that the party to whom they were made relied upon them, and was induced by them to enter into the contract." Among the cases there relied upon is *Grim* v. *Byrd*, 32 Gratt. 293, which is some times cited as authority for the proposition that a misrepresentation of matter of opinion will warrant the rescission of a contract, but a careful examination of that case will show that the misrepresentations for which the contract was set aside were not only representations of fact, but made by one who had peculiar means of knowledge as to their truth or falsity.

The representations in this case were not representations of existing facts, but were at most expression of opinion that the improvements mentioned would be made.

We are of opinion that there is no error in the decree, and it is affirmed.

*Affirmed.*