### Richmond.

### OWENS v. BOYD LAND CO.

JANUARY 27, 1898.

1. CONTRACTS—*False Representation—Statements of Fact.*—A statement that the plaintiff had secured the building of a valuable woolen mill and rolling mill "and had contracted for the same" is the statement of a fact, not mere opinion, and if it induced the contract in suit, and turned out to be false, the defendant is entitled to recover the damages suffered by him in consequence thereof.

2. PRINCIPAL AND AGENT—*Unauthorized Agent—Acceptance of Benefits of Contract.*—One who accepts the benefits of a contract made for him by an unauthorized agent is bound by the representations made by such agent to induce the contract, whether he had notice of such representations at the time he accepted the benefits of the contract or not.

Error to a judgment of the Circuit Court of the city of Richmond, rendered November 15, 1895, in an action of *assumpsit,* wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Reversed.*

The opinion states the case.

*Anderson & Anderson,* for the plaintiff in error.

*Bolling & Stanley* and *C. V. Meredith,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

The Boyd Land Company sued Owens in an action of *as-sumpsit*, and averred that the defendant subscribed to 200 shares of the capital stock of the plaintiff company, of the par value of $10 per share, paying in cash $2.00 per share, and promising to pay the residue when required so to do by the Board of Directors, but not more than 20 *per cent.* of the subscription to be called for in any one year; that the plaintiff had, by virtue of this contract, at various times called for instalments of stock subscription aggregating $500, which the defendant has failed and refused to pay.   To the declaration there was a demurrer, of which no further notice is taken in the record.   It was, we suppose, overruled, as it should have been.   The defendant then filed a special plea in writing, to which the plaintiff objected, and it was properly excluded by the court, and thereupon the defendant offered a plea in writing, which was received, and upon which issue was joined.   This plea states that, at the time the contract sued upon was entered into, one Henry Cook, an agent of the plaintiff, represented to the defendant that plaintiff had secured the building of a valuable woolen mill, and iron foundry or rolling mill upon its property, "and had contracted for the same," and that these representations and assurances were made as of existing facts, and were so understood by the parties, and the defendant, believing them to be true, and relying upon them, was induced to subscribe to said stock, and they constituted the consideration upon which he subscribed. Defendant, in conclusion, avers that these statements were false, and that by reason of them he has been damaged to the extent of $1,200, which he offers to set off against the plaintiff's demand.

If the plea had stopped with the averment that the plaintiff's agent represented that plaintiff had "actually secured the locating and building" of certain mills, it is not clear that it would not have been obnoxious to the objection that it stated an opinion, and not an existing fact, as it is obvious that it was not the purpose of the pleader to allege the existence of the mills, but

.that they would be built in the future (*Watkins* v. *West Wytheville Land Co.*, 92 Va. 1), but the additional averment that the plaintiff had "contracted for the same" is a statement of a fact, which, if made with the purpose of influencing the action of the defendant, and he, relying upon it, was thereby induced to enter into the contract, and it afterwards turned out to be false, the defendant was entitled to have a jury to pass upon the damages suffered by him by reason of it.

The jury heard the evidence and brought in a verdict for the plaintiff upon which a judgment was rendered, and the defendant thereupon obtained a writ of error, and, in this court, assigns as grounds for a reversal of the judgment certain rulings of the Circuit Court.

There was no exception taken to the plea upon which the trial took. place, and it would not have been discussed but for the consideration that if the plea presented no defence to the action, then the judgment for the plaintiff must be sustained though error may appear in the progress of the trial upon that plea. *Miller* v. *Fletcher*, 27 Gratt. 403.

Having come to the conclusion that the plea states a defence, we must examine into the allegations of error. The principal contention is that Henry Cook, who made the representation upon which the contract was entered into, was not the agent of the plaintiff. This is true, but as the result of that negotiation, and the contract entered into upon the faith of these representations, if the plea be true, the plaintiff received the sum of $400 in cash, and by bringing this suit has elected to accept and abide by the contract made for it by one having no authority to act, and by whose acts and representations it was in no respect bound until it consented to enjoy the fruits of his services; but having done so, it cannot now be heard to repudiate his agency. *Crump* v. *U. S. Min. Co.*, 7 Gratt. 369; Story on Agency, sec. 239, *et sequitur*, and 249; *Harvey* v. *Steptoe*, 17 Gratt. 303; *N. Y. Life Ins. Co.* v. *Taliaferro, ante.*

The instructions asked for by the defendant correctly state

the law, and should have been given. The Circuit Court, however, made additions to them which relieve the company from all responsibility for Cook's representations, unless the jury should believe from the evidence that he was, in fact, the agent of the company when he made them, or that the company had notice of the alleged false representations when the defendant was accepted by it as a subscriber. The plaintiff would thus be allowed to enforce a contract into which the defendant was beguiled by one claiming to be the plaintiff's agent, while the plaintiff is exonerated from responsibility for that agent's representations, without which the contract could never have been procured. The plaintiff, in accepting the contract entered into on its behalf, by an unauthorized agent, assumes its burdens as well as its benefits.

We are of opinion that the judgment should be reversed.

*Reversed.*