# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## REDWOOD AND OTHERS V. ROGERS AND OTHERS.

### March 1, 1906.

1. FRAUD—*Burden of Proof—Proof Required.*—The charge of fraud is one easily made, and the burden of proving it rests on the party alleging its existence. It may be proved not only by positive and direct evidence, but by showing facts and circumstances sufficient to support the conclusion of fraud. But, however shown, the proof must be clear and convincing, and such as to satisfy the conscience of the chancellor, who should be cautious not to lend too ready an ear to the charge.

2. CORPORATIONS—*Bond Issue—Case in Judgment—Fraud—Ultra Vires Act.*—In the case in judgment a corporation, in pursuance of charter powers, made a mortgage deed of trust on its property owned and to be acquired to secure an issue of one million dollars of first mortgage bonds, not more than half of which were to be issued except on the vote or assent in writing therefor of two-thirds of the stockholders of the company, and also upon the written assent of the trustee in the mortgage. Of the sum authorized, $640,000 were issued, as to which there is no controversy. Subsequently the remaining $360,000 were issued upon the written request of two-thirds of the stockholders and upon the written consent of the substituted trustee. The additional issue was made, as expressed in the resolution adopted by the board of directors, for the purpose of paying debts already created and otherwise promoting the interests of the company. This issue was assailed on the ground (1) that it was induced by the fraud of a stockholder who owned a controlling interest in the stock, and (2) irrespective of such fraud, the issue was, under the facts and circumstances of the case, an *ultra vires* act.

   *Held:* Upon examination of the evidence that the charge of fraud was not adequately sustained, and that the additional issue was not an *ultra vires* act.

Appeal from a decree of the Hustings Court of the city of Petersburg, in a suit in equity. Decree in favor of complainants. Defendants appeal.

*Affirmed.*

The opinion states the case.

*Munford, Hunton, Williams & Anderson* and *A. B. Guigon,* for the appellants.

*Alexander Hamilton* and *Leake & Carter,* for the appellees.

Harrison, J., delivered the opinion of the court.

This litigation involves the right of the appellants to have cancelled by a court of equity certain bonds issued by the Southside Railway and Development Company, and now held by the appellees.

The Southside Railway and Development Company was incorporated by an act of the General Assembly of Virginia in 1898, with power to establish and maintain the business of a general electric and railway company. By its charter the company was authorized to borrow money, and to issue bonds therefor, secured by mortgage upon any or all of its property; to dispose of its property by sale, lease, or otherwise; and to consolidate with any other company or companies incorporated for the purpose of manufacturing or purchasing electricity, or having the power so to do.

For the purpose of raising money with which to pay for certain property acquired by it, and for other purposes of the corporation, as therein set forth, the Southside Railway and Development Company, on July 1, 1899, executed to the Richmond Trust and Safe Deposit Company, as trustee, a mortgage

deed of trust, conveying all of its property and franchises then owned or thereafter acquired during the existence of such mortgage, to secure an authorized issue of one million dollars face value of its first mortgage coupon bonds, bearing interest at the rate of five *per cent. per annum,* the principal being payable fifty years after date. By the terms of the resolution authorizing this mortgage and the bonds issued thereunder, it was provided that not more than five hundred thousand dollars of these bonds should be issued, except on the vote or assent in writing therefor of two-thirds of the stockholders of the company, and also upon the written assent of the Richmond Trust and Safe Deposit Company, trustee.

It appears that $500,000 face value of these bonds were immediately issued, and that thereafter additional bonds were issued to the amount of $140,000, making the total outstanding bonds, as of August 1, 1901, of the aggregate face value of $640,000. These bonds, thus issued, are held by the appellants, and their validity is not questioned.

Subsequently, the company made a further issue of $360,000 face value, of bonds, thus completing the $1,000,000 of bonds authorized by the mortgage. These last-mentioned bonds, aggregating $360,000, are held by the appellees, and their validity is called in question by this controversy.

The contention of appellants, in brief, is that they are the holders of $640,000 of the bonds of the Southside Railway and Development Company, which were legally issued; and their effort is to require the cancellation of the $360,000 of bonds of the same company held by appellees, which, it is claimed, were illegally issued, to the injury and waste of the security for the bonds of appellants.

The grounds for this contention are: (1) That the issue of the bonds held by the appellees was induced by the fraud of

George E. Fisher, who owned a controlling interest in the stock of the company, and that such bonds are, therefore, void in the hands of Fisher or any other party having knowledge of the facts with relation to such transaction; and (2) that irrespective of the question of actual fraud, the issue of the bonds by the company, under the facts and circumstances of the case, was an *ultra vires* act, and that, therefore, such bonds are subject to cancellation in the hands of any party having knowledge of the facts.

The charge of fraud is one easily made, and the burden is upon the party alleging it to establish its existence, not by doubtful and inconclusive evidence, but clearly and conclusively. Fraud cannot be presumed. It must be proved by clear and satisfactory evidence. It is true that fraud need not be proved by positive and direct evidence, but may be established by facts and circumstances sufficient to support the conclusion of fraud. But whether it be shown by direct and positive evidence, or established by circumstances, the proof must be clear and convincing, and such as to satisfy the conscience of the chancellor, who should be cautious not to lend too ready an ear to the charge. Story's Eq., vol. 1, sec. 190a; *Herring* v. *Wickham,* 29 Gratt. 628, 26 Am. Rep. 405; *Moore* v. *Ullman,* 80 Va. 307; *Gregory* v. *Peoples,* 80 Va. 355; *Engleby* v. *Harvey,* 93 Va. 440, 25 S. E. 225; *Jordan* v. *Liggan,* 95 Va. 616, 29 S. E. 330; *Alsop* v. *Catlett,* 97 Va. 364, 34 S. E. 48.

It would serve no good purpose, and would, indeed, be impossible to review in detail within the limits of an opinion of reasonable length, facts and circumstances which are covered by a record of more than seven hundred printed pages. It must suffiice, therefore, to say that, having in view the rules governing this class of cases, which are so well established by the authorities cited, we have, with due regard to the

rights of all the parties concerned, after a careful consideration of the record, reached the conclusion that the charge of fraud is not sustained with such clearness as to justify a court of equity in cancelling the bonds held by the appellees, on the ground that their issuance was the result of bad faith.

We are further of opinion that in issuing the bonds now held by the appellees, the Southside Railway and Development Company was not guilty of an *ultra vires* act. The company certainly had the power, both under its charter and under the terms of the mortgage, to issue these bonds for a lawful purpose. They were issued, as provided by the mortgage, upon the written request of two-thirds of the stockholders, and upon the written consent of the substituted trustee in such mortgage; and were issued, as expressed in the resolutions by the board of directors, for the purpose of paying debts already created and otherwise promoting the interests of the company.

The contention that the bonds were issued in an unlawful manner rests chiefly upon the same facts and circumstances which were relied on to support the charge of fraud. The same consideration of the record which led to the conclusion that the alleged fraud was not established constrains us to hold that there is no sufficient ground for the position that the bonds were issued in an unlawful manner.

In the view we have taken of the case, it is unnecessary to consider the demurrer filed by the appellees to the cross-bill of appellants.

Upon the whole case, we are of opinion that there is no error in the decree appealed from, and it must be affirmed.

*Affirmed.*