Statement.

## Wytheville.

GARRETT *v.* FINCH AND OTHERS.

June 13, 1907.

Absent, Keith, P.

1  EQUITY—*Multifariousness—Fraud.*—In cases involving questions of fraud, great latitude is allowed in pleading, both as to the circumstances charged and the parties impleaded, provided one connected scheme of fraud is averred. If justice can be conveniently administered in the mode adopted, the objection of multifariousness will not lie, unless it is so injurious to one party as to render it inequitable to accomplish the general good at his expense.

2. RESCISSION—*Equity Jurisdiction—Remedy at Law.*—Where a contract of lease has been procured by fraud, the party defrauded has the right, upon discovery of the fraud, to elect to rescind, and to invoke the aid of a court of equity for that purpose.

3. FRAUD—*Representations of Fact or Opinion.*—Whether a misrepresentation is one of fact or opinion is not always easily determined. The relative knowledge of the parties dealing, their intentions, and all of the surrounding circumstances affect the interpretation, and hence, are to be considered. In the case in judgment, the representations alleged in the bill were sufficient to entitle the complainant to a hearing, and the demurrer should have been overruled.

4. EQUITY—*Laches—Reasonable Time—Demurrer.*—In a suit to rescind a contract for fraud, no precise time can be stated within which suit must be brought. What is a reasonable time must, in large measure, depend upon the exercise of a sound discretion by the court under all the circumstances of the particular case. In the case in judgment, in view of the allegations of the bill, the question of laches cannot be determined on demurrer, but must await the coming in of the evidence adduced upon the hearing.

Appeal from a decree of the Circuit Court of the city of Newport News. Decree for defendants. Complainant appeals.

*Reversed.*

The opinion states the case.

*Ashby & Read,* for the appellant.

*William C. Stuart* and *S. O. Bland,* for the appellees.

HARRISON, J., delivered the opinion of the Court.

On the 15th day of November, 1899, the appellant, A. C. Garrett, entered into a contract of lease with the appellees, F. F. Finch and M. A. Finch, his wife, whereby the appellant became the lessee of a certain lot 25 x 100 feet, situated on Washington Avenue, between 31st and 32nd Streets, in the City of Newport News. The contract, which is made part of the bill, shows that the lease was for a term of forty years from its date, at an annual rental of $480 for the first five years, and $600 annually for the residue of the term, payable in semi-annual instalments on the first days of January and July in each year. The lessee further covenants to erect a building on the leased lot not less than three stories in height, and costing not less than $2500. The contract contains other covenants and conditions not necessary to be stated.

In September, 1906, the appellant filed the bill in this cause, alleging that he had been induced to enter into this contract by the false representations, warranties and statements of the lessors and their agent, one W. I. Fitzsimmons; that he would not have made the contract but for his faith in the truth of these representations, and praying that, because of the wrong done him by reason of such false representations, the contract be rescinded and general relief granted.

The bill was dismissed upon demurrer, and from that action of the court this appeal was taken.

The grounds of demurrer, in the order in which we will consider them are, (1) that the bill is multifarious; (2) that the plaintiff's remedy, if any, was at law; (3) that the allegations

of the bill, if true, set up mere expressions of opinion, and not representations of fact; and (4) that the plaintiff was guilty of laches in disaffirming the contract.

The court is of opinion that the bill is not multifarious. It presents in the ordinary way the grounds of the plaintiff's prayer for a recision of the contract, and it is not perceived that the course pursued could result in injury to any one of the parties to the litigation. *School Board* v. *Farish,* 92 Va. 156, 23 S. E. 221; *Jordan* v. *Liggan,* 95 Va. 616, 29 S. E. 330; *Snyder* v. *Grandstaff,* 98 Va. 473, 31 S. E. 647, 70 Am. St. Rep. 863.

In *Jordan* v. *Liggan, supra,* it is said that, in cases involving the question of fraud, a very great latitude is allowed in pleading, both as to the circumstances charged and the parties impleaded, provided one connected scheme of fraud be averred. If justice can be conveniently administered by the mode of proceeding adopted, the objection of multifariousness will not lie, unless it is so injurious to one party as to render it inequitable to accomplish the general good at his expense.

The court is further of opinion that the plaintiff had the right to seek relief in equity. The prime object of this suit was to have rescinded a contract alleged to have been procured by fraud. The plaintiff had a right to elect to rescind, upon discovery of the fraud, and to invoke the aid of a court of equity for that purpose. *Powell* v. *Berry,* 91 Va. 568, 22 S. E. 365; *Wilson* v. *Hundley,* 96 Va. 96, 30 S. E. 492, 70 Am. St. Rep. 837; Pom. Eq. Jur., sec. 684, etc.

The court is further of opinion that the allegations of the bill are not confined to mere expressions of opinion, but that representations of fact are sufficiently alleged to entitle the plaintiff to relief if such representations are shown to have been made. The bill alleges that prior to making the lease contract, and as an inducement to the plaintiff to enter into it, he was assured that a certain pier, then in progress of construction, would be completed and maintained, its construction being pro-

vided for; that arrangements had been consummated with the steamboat lines which run from Petersburg, Richmond, Washington and Baltimore, whereby such steamers would stop and have their wharfage regularly at this pier; that arrangements had been made for foreign steamers also to stop regularly at this pier; that arrangements had been made, whereby 32nd street was to be opened and graded to the approach of said pier, and a number of warehouses erected on or adjacent to the pier; that because of these arrangements, which had been consummated, this pier would become the leading pier in the city, and 32nd street extended to the pier, the main thoroughfare of the city. It is further alleged that the lot leased by the plaintiff is about three hundred yards from the river, and is so situated as to be peculiarly benefited by the completion and maintenance of the pier in question, and the extension of 32nd street through the other lands of the lessors to the pier. It is further alleged that it was well known to the lessors that unless these representations and assurances were fulfilled the lot in question was not worth anything like the rental the plaintiff finally agreed to pay therefor; and that the plaintiff would certainly not have made the lease if such assurances and representations had not been given.

It is not always an easy matter to determine whether a given statement is one of fact or opinion. The relative knowledge of the parties dealing, their intentions and all of the surrounding circumstances, which can only be gathered from the evidence, affect the interpretation which the courts put upon representations in determining whether they be of fact or opinion. Taking the allegations of the bill to be true, in the light of the adjudications of this court, the alleged representations were sufficient to entitle the plaintiff to a hearing. *Wilson* v. *Carpenter,* 91 Va. 183, 21 S. E. 243, 50 Am. St. Rep. 824; *Watkins* v. *West Wytheville &c. Co.,* 92 Va. 1, 22 S. E. 554; *Orr & Litton* v. *Goodloe,* 93 Va. 263, 24 S. E. 1014; *Owen* v. *Boyd Land Co.,* 95 Va. 560, 28 S. E. 950.

The court is further of opinion that, under the allegations of the bill, the objection of laches, on the part of the plaintiff, in disaffirming the contract of lease is not well taken. The bill alleges that the appellees, F. F. Finch and his wife, M. A. Finch, were, at the date of the lease, the owners of a very large and valuable estate in the city of Newport News, including a large tract of land in the heart of the city fronting on the James River, upon which the pier in question was being built, and through which 32nd street, when extended, had to run. It is further alleged that in 1901 the pier was nearing completion, when M. A. Finch brought a suit against her husband for a divorce and a settlement of his accounts in the management of her property; that this suit is still pending, involving an immense estate worth over half a million dollars; that it has been a protracted and bitterly contested litigation; that M. A. Finch, after abandoning her prayer for divorce in Virginia, established her residence in one of the Dakotas for the purpose of obtaining a divorce, and has for some years past been a non-resident of this state. It is further alleged that this litigation involved, in part, the land upon which the pier was being built and through which 32nd street extended would run to reach the pier; that upon the institution of this litigation all work and improvement on the property of the lessors practically stopped, and no effort was made to carry out the representations which had been made to the plaintiff as an inducement to making the lease contract; that in this unsettled condition of affairs with respect to the Finch estate, plaintiff was led to believe, and did believe, that the representations which had been made to him could not be fulfilled and carried out until the controversy between the lessors was ended, and it was ascertained who was to own the pier and the property adjacent thereto. It is further alleged that during this time complainant rested upon the belief that the statements and representations which he had relied on would be carried out, and he relieved of the necessity of invoking the aid of a court

of equity to rescind a contract, which though fully performed
by him, including the erection of a three-story building on the
leased lot at a cost of $6,500, had been broken in every material
respect by the lessors; but from the fact that the incompleted
pier had recently been allowed to decay, and other things which
had come to the knowledge of complainant, his faith in the
honesty of the lessors had been shaken, and he forced to be-
lieve that the statements and representations which he had
relied on were, in fact, false and untrue, and made to deceive
and defraud him; and that complainant was therefore forced
into this litigation in order to avoid the imputation of laches
in the premises. It is further alleged that this suit is in no
way an effort on the part of complainant to escape the conse-
quences of a bad bargain; that real estate values in Newport
News, and especially in the locality where the lot in question
is situated, are practically the same now, that they were when
the lease was made; that had the statements and representa-
tions been true and carried out, the lot would have been worth
the rental which complainant had agreed to give for it, but
that such bargain, without the representations being fulfilled,
was unconscionable.

In a suit for the recision of a contract upon the ground of
fraud in its procurement, no precise or defined limit of time
can be stated within which the interposition of the court must
be sought. What is a reasonable time cannot be well defined
so as to establish any general rule, and must in a great measure
depend upon the exercise of the sound discretion of the court,
under all the circumstances of the particular case. Kerr on
Fraud & Mistake, p. 305, *et seq.*

In view of the allegations of the bill, to which we have ad-
verted, it cannot be stated as a matter of law, that the appel-
lant has, by laches, lost his right to disaffirm the contract in
question. Whether or not such right has been lost is a question
of fact which must be determined in the light of the evidence
adduced upon the hearing.

For these reasons the decree appealed from must be reversed, the demurrer to the bill overruled, and the cause remanded for further proceedings.

*Reversed.*