## CIRCUIT COURT OF FAIRFAX COUNTY

Jerald P. Cohen

v.

Dennis E. Mastie et al.

April 15, 1993

Case No. (Law) 110144

BY JUDGE MARCUS D. WILLIAMS

This matter is before the court on plaintiff's Motion to Reconsider the court's ruling denying plaintiff's Motion to Set Aside the Verdicts and for a New Trial submitted by a letter dated March 11, 1993. Plaintiff has asked the court to reconsider whether the jury's verdict of fraud and the award of $22.00 against defendant Mastie requires the court to set aside the Jacksons' verdict for damages against plaintiff Cohen. After consideration of the plaintiff's and defendants' authorities and arguments, the court concludes that the jury verdicts shall stand as rendered by the jury.

The parties were previously before the court for oral argument on plaintiff's Motion to Set Aside the Verdicts in Favor of the Jacksons and Motion to Enter Judgment for Cohen Notwithstanding the Verdict. After hearing the arguments of the parties, the court denied the plaintiff's motion.

For the instant motion, plaintiff contends that any finding of fraud in the inducement attributed to Mastie necessarily voids the contract between Cohen and the Jacksons because Mastie was acting as the agent of the Jacksons. If the contract [is] voided, plaintiff contends that the

award of damages against the plaintiff must be set aside, and rescission of a contract must be allowed. Plaintiff also asserts that the court erred in refusing his jury instruction based on silence or concealment constituting an affirmative misrepresentation. Finally, plaintiff argues that the court abused its discretion by limiting his closing argument to thirty minutes.

The Jacksons, joined by Mastie, oppose plaintiff's motion contending that plaintiff did not receive a verdict against Mastie, and the verdict received in favor of Cohen does not make the Jacksons liable to plaintiff, since Mastie was acting on his own initiative and for his own benefit.

## I. *Whether the Court Erred in Upholding the Verdicts in Favor of Cohen and the Jacksons*

The plaintiff argues that the court based its prior ruling on *Rawle v. McIlhenny*, 163 Va. 735, 177 S.E. 214 (1934). Plaintiff states that this court's ruling found that the "small amount of damages awarded to Cohen is grounds to destroy the fraud verdict and thus permit the obviously inconsistent and contradictory verdicts for the Jacksons to stand" (page 5 of the plaintiff's motion to reconsider). Plaintiff misconstrues the court's reference to *Rawle*. *Rawle* was mentioned in passing to explain how an inadequate or excessive verdict for damages may be viewed in light of the overall case. Indeed, this court let stand the verdict against Mastie. Notwithstanding plaintiff's assertion that a verdict against Mastie necessitates the setting aside of the verdict in favor of the Jacksons, the court does not find the verdict in favor of Cohen and the verdict in favor of the Jacksons to be inconsistent. The jury could, consistent with the evidence, find against Mastie while also finding in favor of the Jacksons.

After considering all the evidence, testimony of the parties and the arguments of counsel, the jury found that Mastie's representations were not made for or on behalf of the Jacksons, but were made in support of Mastie's own economic interests. Based on the evidence, the jury could find that there was no connection between Mastie's misrepresentation and the contract between the Jacksons and Cohen. In effect, the jury rejected the evidence that the Jacksons, either directly or through an agent, fraudulently induced Cohen to buy their interest.

Plaintiff argues that the facts here are analogous to those in *Owens v. Boyd Land Co.*, 95 Va. 560, 28 S.E. 950 (1898), wherein an agency

arose from ratification by principal of an agent's unauthorized act. Plaintiff contends that the Jacksons created an agency relationship by ratifying the contract made by Cohen and Mastie. The court finds the rationale in *Boyd* to be inapplicable to the case at hand. *Boyd* held that a non-party could ratify a contract by accepting the fruits of a contract. In that case, a company accepted a contract entered into on its behalf by an unauthorized agent and was held to assume the burdens of the contract as well as its benefits. Here, the jury apparently believed that the alleged agent, Mastie, did not enter into any agreement *for or on behalf of the Jacksons*. Instead, the Jacksons and Cohen entered into a contract directly. The jury in this case rejected the *Boyd* theory of liability.[1] While the evidence may indicate that Mastie informed Cohen of the opportunity to purchase the Jacksons' interests, the jury was not bound to find that Mastie's misrepresentation induced Cohen to purchase the Jacksons' interest. Indeed, the substantial jury verdict in favor of the Jacksons, contrasted with the $22.00 verdict for "each year of friendship" in favor of Mastie, would indicate that the jury made such a distinction.

If there appears to be evidence to support it, the verdict of the jury, unless plainly wrong, will not be set aside on review by the court. *Forbes v. Wyatt*, 143 Va. 802, 129 S.E. 491 (1925); *Virginia Land Immigration Bureau v. Remow*, 119 Va. 831, 89 S.E. 891 (1916). Accordingly, the jury verdict in favor of Cohen and the jury verdict in favor of the Jacksons will not be set aside.

II. *Whether the Court Erred in Refusing Plaintiff's Jury Instruction Concerning Concealment Being the Equivalent of an Affirmative Misrepresentation*

In his initial motion as well as the rebuttal memorandum, plaintiff argues that the court should have allowed the jury instruction concerning misrepresentation from silence or concealment of fact. Plaintiff asserts that his authority, *Ware v. Scott*, 220 Va. 317, 257 S.E.2d 855 (1979), was sufficient to warrant such a jury instruction.

The court concluded at trial that the instruction concerning misrepresentation from silence or concealment of facts was not applicable to the present case because defendants had no duty or legal obligation to

---

[1] The jury was free to reject the factual assumptions underlying Instruction Y(a): that Mastie was offering the Jacksons' interest and that the Jacksons accepted benefits of a contract made on their behalf.

make any disclosures to the plaintiff under the circumstances of this case. The duty to disclose arises where there is a fiduciary duty or legal obligation existing between the parties. *See e.g. Clay v. Butler*, 132 Va. 464, 112 S.E. 697 (1922), (where an *attorney* concealed a fact from a chancellor at a hearing); *Kitchen v. Throckmorton*, 223 Va. 164, 286 S.E.2d 673 (1982), (where an *administratrix* breached her duty of loyalties to the beneficiaries by failing to disclose certain financial transactions); *Allen Realty v. Holbert*, 227 Va. 441, 318 S.E.2d 592 (1984) (where an *accountant* violated his fiduciary duty to his client). The court does not conclude that the *Ware* case imposes a duty to disclose upon defendants. *Ware* involved concealment of material facts by a vendor from the vendees after the contract was formed. Further, the court cannot agree that a close personal friendship alone creates a fiduciary duty to disclose. A close friendship or familial relationship may warrant closer scrutiny, but such a relationship is not considered "a badge of fraud" in this jurisdiction. *Francisco v. Neal*, 167 Va. 13, 187 S.E. 495 (1936).

III. *Whether the Court Abused its Discretion by Limiting the Time of Plaintiff's Closing Argument*

Plaintiff asserts that the court unduly limited plaintiff's opportunity to present closing argument to the jury in view of the evidence and instructions given. What is not indicated in the motion is that the plaintiff gave an inaccurate time estimate for the trial of the case, and then went way beyond that estimate in the presentation of the plaintiff's case.

While a litigant has the right to have his or her case fully and fairly argued before the jury, the time allowed for such argument is within the sound discretion of the court. *Brown, Adm'r v. Peters, Adm'r*, 202 Va. 382, 117 S.E.2d 695 (1961). The trial court has superintending control over the argument of counsel, and with due consideration to the particular circumstances of each case, may limit the time of the closing argument. *Jerrell v. Norfolk and Portsmouth Belt Line Railroad Co.*, 166 Va. 70, 184 S.E. 196 (1936). No precise rule as to the amount of time allowed exists other than that the limitation must be reasonable in light of all the circumstances of the particular case. *Brown, Adm'r*, 202 Va. at 391.

In the present matter, the case of *Cohen v. Mastie* was only one part of a larger case styled *First American Bank of Virginia v. Monica*

*Roads Associates. First American Bank* involved a number of defendants including Cohen, Mastie and the Jacksons. Other defendants in that case were partners in Monica Roads Associates and JDC Partnership. The case of *First American Bank* was scheduled for a four day trial. However, First American Bank, the plaintiff, nonsuited its case, leaving only the cross-claims of *Jerald Cohen v. Dennis Mastie and the Jacksons* to be tried.

On the first day of trial, before the jury was empaneled, plaintiff's counsel indicated that the plaintiff's case could be tried within one and one-half to two days.[2] However, the plaintiff did not complete his case until nearly three and one-half days of trial, and the entire case took approximately six and one-half days to try. The court was confronted with jurors who had been told that the entire case would take no more than two to two and one-half days. Some jurors had conflicts and the court did its best to accommodate the parties and the jury. Much time at trial was consumed by plaintiff's presentation of the evidence through witnesses and extensive visual aids. Also, much of the plaintiff's evidence was repetitive and could have been presented within two days. Towards the end of trial, the court was faced with the possibility that if the case was not completed in a timely manner, the jurors' other obligations could distract them from their obligations to deliberate. The court urged the parties to present their closing arguments in a concise manner and to limit their closing argument. Counsel for the parties ably addressed the issues in the case and no litigant was deprived of the ability to do so. While this court recognizes that jury convenience does not override the rights of the parties to a fair trial, the court did not feel time limits under these circumstances constrained the parties in any significant way.

For the foregoing reasons, the court affirms its ruling denying plaintiff's Motion to Set Aside the Verdicts for a New Trial.

---

[2] Without benefit of a transcript, the court's recollection is that plaintiff indicated that the maximum time to present his case would be two days.