# Richmond

ROBERT JERRELL v. NORFOLK AND PORTSMOUTH BELT LINE
RAILROAD COMPANY.

March 12, 1936.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Chinn and
Eggleston, JJ.

The opinion states the case.

*James G. Martin & Son, R. W. Moffat* and *A. A. Bangel,* for the plaintiff in error.

*Willcox, Cooke & Willcox,* for the defendant in error.

CHINN, J., delivered the opinion of the court.

Plaintiff in error, Robert Jerrell, brought an action against the Norfolk and Portsmouth Belt Line Railroad Company to recover $20,000 damages for personal injuries caused by a collision between the defendant company's train and an automobile in which plaintiff was riding as a guest. At the first trial of the case the court struck out the plaintiff's evidence, and there was a verdict and judgment for the defendant. Upon a writ of error awarded by this court that judgment was reversed on the ground that the evidence presented questions for the determination of a jury, and the case was remanded for retrial. *Jerrell* v. *Norfolk and Portsmouth Belt Line R. Co.,* 162 Va. 450, 174 S. E. 658, 660.

On the second trial the jury again found a verdict for the defendant company, upon which the court entered the judgment which is now before us for review.

The sole assignment of error presented by the record is to the ruling of the court in limiting counsel for the plaintiff to thirty minutes in which to argue the case before the

jury; it being contended that under the circumstances of the case it was impossible properly to argue the questions involved within the time allowed by the court, and this action was, therefore, an unwarranted abridgment of the plaintiff's right to a fair and impartial trial of the case. It is contended by the defendant in error that the burden is on the plaintiff in error to show not only that there was error, but that such error was prejudicial, and that the record fails to show this.

It appears from the record that at the trial now in question the plaintiff examined three witnesses as to the circumstances of the accident, and read the evidence of his doctor given at the former trial who had since died, and also had another doctor testify as to the plaintiff's injuries.

Defendant put ten witnesses on the stand, consisting of three police officers, six trainmen, and its superintendent, and also read the stenographic evidence taken at the former trial of a colored man who could not be found.

The court certifies: "The evidence was conflicting, there being sufficient evidence to go to the jury to support a verdict for either side."

Three instructions were given at the request of the plaintiff, and six at the request of the defendant. These instructions disclose that the questions before the jury were various and complicated, it being contended by the plaintiff in the court below that the railroad train failed to ring its bell as required by the ordinance, that there was no light on the engine, and that the plaintiff being a guest in the automobile negligence on the part of the driver, if any, could not be imputed to the plaintiff. The defendant contended on the other hand, according to these instructions, that there was no primary negligence on its part, and that the plaintiff was guilty of contributory negligence which proximately caused or contributed to the accident.

The bill of exceptions then sets forth the followng facts:

"When the instructions had been decided upon, the jury being absent, the court asked counsel how much time

they wished within which to argue the case. Mr. Bangel, of counsel for plaintiff, replied asking the court please not to put a time limit upon argument, and stating counsel would not waste time in argument. The court stated that a time limit would be fixed. Mr. Martin, of counsel for plaintiff, then asked that one hour be allowed each side for argument, but the court said this would not be allowed. Mr. Martin then asked the court to allow forty-five minutes to each side, and stated that counsel would be hurried in their argument and could not properly present the case, that two counsel were to speak for plaintiff, and that the case was important and should be thoroughly discussed. Mr. Bangel stated he would open the argument and he wished to leave time for Mr. Martin to close the case, but he, Mr. Bangel, would have to open fully, or Mr. Willcox might waive argument and cut off the closing argument. Mr. Willcox said that unless Mr. Bangel opened fully he would do so, and prevent a closing argument. The court ruled that thirty minutes a side only would be allowed, to which ruling counsel for plaintiff duly excepted upon the grounds then and there stated that this was too short a time in which to properly argue the case, and that they would be hurried in their argument.

"The jury then returned to their seats in the court room and the court read to them the instructions and then asked the jury how long they wanted to hear the lawyers argue this case; to which a juror answered: 'Very little.' And the judge then again stated, thirty minutes to a side for argument.

"Mr. Bangel then rose to open the argument for the plaintiff, and requested the court to stop him after fifteen minutes, so fifteen minutes would be left for Mr. Martin. After twenty-one minutes the court told Mr. Bangel he had been speaking twenty-one minutes, and Mr. Bangel stopped.

"Mr. Willcox then argued approximately thirty minutes for the defendant.

"Mr. Martin rose to speak in closing the case for the plaintiff, and the court said, you will have till half past, which was thirteen minutes. Mr. Martin spoke thirteen minutes, at which time the court stopped him, and he sat down."

While it is true that unless it appears from the record that the error complained of injuriously affects the interests of the party complaining the error will be harmless, reading the record before us in connection with the former opinion of this court in the case, we think the rights of the plaintiff were injuriously abridged by the court in limiting the argument as it did.

The accident in question occurred at a railroad crossing in the city of Portsmouth. In the former opinion Mr. Justice Gregory, speaking for the court, said:

"Whether there was or was not causal connection between the failure to give the signals required by the ordinance and the plaintiff's injuries should have been submitted to the jury. When and where the driver of the car should have seen the unlighted backing train; what he should have done in the exercise of ordinary care to save himself and the plaintiff (even if the driver's negligence could have been imputed to the plaintiff, which is not conceded); and whether the driver should have stopped or crossed rapidly, were questions for the jury. Likewise whether the sole proximate cause of the plaintiff's injury was the result of his own or the driver's negligence, or whether the driver and the plaintiff, either or both, were guilty of such contributory negligence as would operate to mitigate the plaintiff's damages were jury questions."

With these questions before the jury, and the evidence bearing upon them in conflict, it does not seem to us that counsel for the plaintiff could reasonably have been expected to adequately open and close their argument within the period of time allowed by the court.

It is well settled in Virginia, as elsewhere, that in the absence of statute, the trial court "has a superintend-

ing control over the course of the argument to prevent the abuse of that or any other right. It is a power, however, to be exercised with discretion, and with reference to the particular circumstances of each case, subject to review by an appellate court. *Word's Case,* 3 Leigh 743; Proff. Jury, section 249." *Jones* v. *Commonwealth,* 87 Va. 63, 68, 12 S. E. 226, 228.

We fully recognize the broad discretion which is, and should be, vested in the trial court in its control over the argument of counsel in any given case. There may be cases in which ten minutes to a side or even less time might be sufficient and there would be no abuse of its discretion on the part of the court in so limiting the argument, but in this particular case the questions and the amount involved were of too much importance and too complicated to warrant the court in taking the action complained of. The case had been once tried and judgment rendered for the defendant by the lower court, and it was sent back by this court to be tried by a jury instead of by the court as at the first trial. The action and attitude of the court on the second trial, however, would seem well calculated to give the jury the impression that the court thought little of the plaintiff's case.

It is next contended by the defendant in error that if the original limitation was erroneous plaintiff cannot avail himself of the error because, if counsel wished to complain of the shortness of the time allotted them, they should have used the time allowed, and then if they had not finished their argument, excepted to the refusal of the court to give additional time.

Several cases are cited in which it was held that this would have been the proper procedure. Conceding that this may be the proper rule under some circumstances, we do not think there was any ground for the application of the rule here. The record shows that the court was positive that it would allow no more than thirty minutes, and counsel not only protested but made alternative suggestions to the court in asking for additional time. One

of these suggestions was that it be allowed only fifteen minutes longer than the time fixed by the court. The court then called on the jury to express its wishes as to how long it wanted to hear argument, and in the presence of the jury repeated it would only allow thirty minutes to a side. Counsel for the plaintiff were doubtless impressed with the obvious determination of the court to allow no further time and that it was useless to ask for it. In none of the cases cited does it appear that counsel had made the statement as to their reasons for more time before the exception was taken, as was done in this case, nor does it appear in any of them that the limit imposed by the court was prejudicial to the rights of the party complaining, as appears in the case at bar.

For the foregoing reasons we are of the opinion that the judgment complained of should be reversed, and the cause remanded for further proceedings not inconsistent herewith.

*Reversed and remanded.*

EGGLESTON, J., dissenting.