# Richmond

### LENA COHEN v. MILDRED POWER.

November 20, 1944.

Record No. 2821.

Present, Holt, Hudgins, Gregory, Browning, Eggleston and Spratley, JJ.

The opinion states the case.

*Louis B. Fine*, for the plaintiff in error.

*James G. Martin & Son,* for the defendant in error.

HUDGINS, J., delivered the opinion of the court.

Mildred Power instituted this action against Lena Cohen for common law defamation and insulting words under the Code of 1919, section 5781, as amended. Judgment for $1,000 was entered on the verdict. From that judgment Lena Cohen obtained this writ of error.

While Lena Cohen was in Colorado Springs, Colorado, she met plaintiff, whom she employed "as a traveling companion and to help her attend to business and some work. Pay to start on arrival to Norfolk to be $25.00 per Mo.

"If we haven't sold the property when our tickets expire we will remain 3 mo. longer if necessary."

Soon after the parties arrived in Norfolk, Virginia, Lena Cohen missed her jewelry. Plaintiff testified that defendant searched her room for the missing jewelry and uttered the defamatory words set forth in the declaration, to-wit: "You (meaning plaintiff) have got that jewelry in your bags, or around your bed somewhere, and I am going to search your baggage" (meaning plaintiff had stolen her jewelry).

It also appears that defendant discharged plaintiff from her employment and denied plaintiff access to her baggage. Plaintiff brought an action in detinue for recovery of her baggage, but before the trial the baggage was returned and the action dismissed. Plaintiff brought a second action for breach of contract for employment and recovered a judgment before the trial justice. She also instituted this action for defamation now under review.

Only three of the eleven assignments of error are stated with sufficient certainty to merit discussion.

Defendant filed special pleas alleging that all matters alleged in the counts for defamation had been adjudicated in the action of detinue and in the action for breach of contract, and that plaintiff was estopped by the former judgments from maintaining this action for defamation.

██ The substance of defendant's contention is that the doctrine of *res adjudicata* bars plaintiff from maintaining this action. It appears that each of the three actions was based upon a different state of facts. The issues were not the same. The test generally applied in the application of the doctrine of *res adjudicata* is to determine whether the facts essential to the maintenance of the two actions are the same. If the same facts or evidence would sustain both actions, then the two actions are considered the same and a judgment in one bars any subsequent action based upon the same facts. If different proof is required to sustain the different actions, a judgment in one is no bar to the maintenance of the other. 30 Am. Jur. 918.

The second contention of the defendant is that the trial court committed error in its refusal to strike out the common law count on the ground that plaintiff failed to prove publication of the defamatory words.

██ Plaintiff testified that defendant uttered the words in a loud voice in the presence of the maid, Lula May, and the "yardman," and that both of these parties heard what the defendant said to her. While neither the maid nor the other employee of defendant was called as a witness, plaintiff's positive testimony was sufficient to take the question of publication to the jury. *Snyder* v. *Fatherly*, 158 Va. 335, 163 S. E. 358; *Montgomery Ward & Co.* v. *Nance*, 165 Va. 363, 182 S. E. 264.

The last contention of defendant is that the court committed reversible error in limiting the time of argument of the case before the jury to twenty minutes on a side.

After the court had ruled on the instructions and in the absence of the jury, the following colloquy took place between the court and counsel:

"The Court: How long do you gentlemen want to argue the case?

"Mr. Jones: Just a few minutes is all I will take.

"Mr. Fine: I will be brief, but I would like not to be limited.

"The Court: I think that 20 minutes to a side is ample time to argue it. There is only one issue here, and that is whether she made these statements, and there are only two witnesses to that, the plaintiff and the defendant. .

"Mr. Fine: Note an exception to limiting me as to time because this is a $5,000.00 suit."

The trial court has supervisory control over the argument of counsel to prevent an abuse of that right. This power must be exercised with sound judicial discretion and with due consideration to the particular circumstances of each case. This court will not interfere with the exercise of this broad discretion unless it affirmatively appears that such discretion has been abused and that the rights of the complaining litigant have been prejudiced. *Pinn* v. *Commonwealth*, 166 Va. 727, 186 S. E. 169; *Jerrell* v. *Norfolk, etc., Belt Line R. Co.*, 166 Va. 70, 184 S. E. 196; *Jones* v. *Commonwealth,* 87 Va. 63, 12 S. E. 226.

If counsel desires to make the shortness of time allowed for argument an assignment of error, the usual procedure is to note an exception when the court allots the time and use the time allowed. If the argument is not completed at the expiration of the allotted time, additional time should be requested and due exception noted if the request .is refused.

It does not appear from the record in this case that all of the time allowed counsel for the argument was consumed or that he asked for an extension of time. As the trial court stated, the issue to be argued before the jury was very simple. The plaintiff testified that the defendant made defamatory statements and the defendant denied that she made them. No other witness testified on .this point. The only reason advanced by counsel for unlimited time to present the case to the jury was that "this is a $5,000.00 suit."

We find no reversible error in the rulings of the court.

The judgment is affirmed.

*Affirmed.*