# Richmond

COMMONWEALTH OF VIRGINIA, AT THE RELATION OF C.
LEONARD FISHER v. E. W. SMITH, COMMISSIONER OF
THE REVENUE OF THE CITY OF VIRGINIA BEACH.

November 30, 1953.

Record No. 4103.

Present, All the Justices.

The opinion states the case.

*James G. Martin & Sons, M. Earl Woodhouse* and *Robert Lee Simpson,* for the plaintiff in error.

*William L. Parker* and *Richard B. Kellam,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This proceeding was brought in the Circuit Court of Princess Anne County by C. Leonard Fisher pursuant to sections 15-500, 15-501, 15-502 and 15-503, Code of Virginia, 1950, seeking the removal of E. W. Smith, Commissioner of the Revenue for the City of Virginia Beach.

The Commonwealth's Attorney disqualified himself and the court appointed M. Earl Woodhouse to act. The judge of the court having also disqualified himself, Judge Burnette Miller, Jr., was designated to preside. On September 2, 1952, Judge Miller heard the case and dismissed the proceedings.

The complainant filed a petition for writ of error alleging that "The statute, section 15-503, gives all parties (an) appeal as a matter of right, * * * ." While we granted a writ of error in this case, we do not so interpret said section. The statute reads:

"The Commonwealth and the defendant shall both have the right to apply to the Supreme Court of Appeals for a writ of error and supersedeas upon the record made in the trial court, and the Court of Appeals shall hear and determine such cases."

Under our interpretation of the statute the losing party is simply accorded the right to apply for a writ of error, and we are given the right to consider the petition and grant a writ of error and *supersedeas* if we feel that doubt exists as to the propriety of the judgment complained of and that the case should be reviewed. The statute does not contemplate an appeal as a matter of right.

The assignments of error are: "That the Circuit

Court erred: (1) In finding for defendant and dismissing the cause and refusing to remove the defendant; (2) In cutting off the case and deciding it without allowing argument or consideration of the ordinances."

The sworn complaint filed by Fisher charged that:

"E. W. Smith is the Commissioner of the Revenue in and for said City of Virginia Beach, and during his present term of office as such Commissioner of the Revenue, he has been and is guilty of malfeasance, misfeasance, incompetency and gross neglect of official duty in his office as said Commissioner of the Revenue, and has knowingly and wilfully neglected to perform duty enjoined upon such officer by law of this State, and he should be removed from said office on the following grounds, and for the following reasons, occurring during his present term of office as said Commissioner, to-wit:

"1.  On May 24, 1952, he issued a license of the City of Virginia Beach to Greenco Corporation, trading as Seaside Park for an amusement park (license No. 127), for the price of One Thousand Dollars, when the lawful price therefor was at least Five Thousand Dollars.

"2.  On June 16, 1952, he issued a license of the City of Virginia Beach to Isidor Biscow for an amusement park, (license No. 442), for the price of One Thousand Dollars, when the lawful price therefor was at least Five Thousand Dollars.

"3.  On June 28, 1952, he issued a license of the City of Virginia Beach to Sims Redwine, trading as Fortune for an amusement park, (license No. 700), for the price of One Thousand Dollars, when the lawful price therefor was at least Five Thousand Dollars.

"Complainant prays that said E. W. Smith be removed from said office pursuant to law."

To this complaint the defendant filed a plea of not guilty and requested that he be granted a trial by jury. The court correctly ruled that "the court being of opinion

that the defendant is an appointed officer" he was not entitled to such trial. (Code, § 15-503)

It was stipulated that the defendant had been Commissioner of the Revenue of the City of Virginia Beach from March 1, 1952, and that he held this office by virtue of appointment by the judge of the Circuit Court of Princess Anne County. The complainant, to maintain his case, introduced in evidence an ordinance reading:

"AN ORDINANCE TO AMEND AND REORDAIN SUB-SECTION 107 OF SECTION 141 OF THE LICENSE TAX ORDINANCE, TOWN OF VIRGINIA BEACH, RELATING TO PARKS, AMUSEMENTS, ETC.

"BE IT ORDAINED:

"That as used herein a permanent park for amusement shall be deemed to be any place or establishment operated or operating games for amusement only.

"That any person, firm or corporation operating a permanent park for amusement shall pay an annual license tax therefor of $5,000.00; that every such permanent park for amusement which shall in addition operate or maintain any of the following amusements, a hobby horse, merry-go-round, ferris wheel, penny or nickel machines for exhibiting pictures, old mill, dip-the-dip, soda fountain, automatic photos or other similar vending machines, refreshment stands, parking lots within the park area, bath houses and boat houses, shall pay an additional sum of $1,000.00 per license year, provided, however, that such license shall not be construed to authorize the operation of a hotel, dance hall, or the sale of alcoholic beverages or tobacco, for which a special license is required."

Complainant then introduced the three applications for licenses above referred to and rested its case.

In defense of the charges brought against the Commissioner, the City Attorney was called and testified:

"Q. Did you advise him (the Commissioner) as to what license fee should be paid for amusement park?

"A. I advised him that this ordinance with reference to an amusement park charge of $5,000, that that in my opinion was illegal and was not a valid ordinance and which proposed to repeal a prior ordinance, which being illegal in itself, in my opinion did not properly repeal it.

"Q. That was the attempted re-enactment of section 107, was it not?

"A. Yes, sir.

"Q. Section 107 prior to the attempted re-enactment provided for a $1,000 license, did it not?

"A. Yes, sir.

"Q. Was that the section under which you advised Mr. Smith to issue license for amusement park?

"A. Yes, sir, that the other one in my opinion was illegal."

On cross examination the City Attorney stated that the amendment to sub-section 107, above quoted, was instigated by the City Manager and members of the City Council as "a subterfuge" to permit gambling:

"Q. The $5,000 ordinance was for illicit gambling under a disguise?

"A. Yes, sir.

"Q. The disguise does not appear on the face, does it?

"A. That was very carefully camouflaged."

At the conclusion of the City Attorney's testimony the defendant rested, and no rebuttal evidence was offered on behalf of the complainant, whereupon the judge stated:

"If that is the case, I will dismiss it. There is nothing in this case to show that this man has acted from any improper motive. I have in this hearing this morning distinguished counsel, and you gentlemen take different views as to the interpretation of the ordinance. The evidence shows that the Commissioner of the Revenue acted on the advice of the City Attorney. * * * I don't see how you can remove from office this man for not understanding an ordinance that the lawyers themselves cannot understand. * * * If there was any malfeasance in office I would

not hesitate for a minute to remove him, but I will not remove a man from office on the evidence before me. * * * "

Suffice it to say that the attempted amendment to subsection 107 of section 141 of the License Tax Ordinance is not plain and the Commissioner had a right, and it was his duty, to seek legal advice regarding its interpretation. The record shows that this was a newly appointed commissioner who knew nothing of the history of the amendment. It was most natural and appropriate for him to consult the City Attorney before attempting to make these assessments, and he had a right to rely upon the advice thus obtained.

In *Warren* v. *Commonwealth*, 136 Va. 573, 583, 118 S. E. 125, we said:

"Now it is true that in the matter of assessing persons, firms and corporations with the license taxes required by law (*i. e.*, by the ordinances of the city of Hopewell and by statute), the accused, although a ministerial officer, was required to exercise a reasonable judgment of his own as to the law applicable and a reasonable discretion in delaying assessments a reasonable time in order to ascertain the facts relevant to the proper assessments to be made. And it is well settled that, such being the case, if the accused did not act corruptly or with evil intent, but honestly and with reasonable diligence in such matters, even if he was mistaken as to the law applicable, and erred in failing to make such assessments, he could not be regarded as guilty of the offenses specified in the rule against him, * * * ". 1 Bish. New Cr. Law (8th ed.), section 460(1).

"As said in the section of the learned work just cited, 'One serving in a * * * capacity in which he is required to exercise a judgment of his own is not punishable for a mere error therein, or for a mistake of law. His act to be cognizable criminally, or even civilly, must be wilful and corrupt.' "

We conclude, therefore, that the court correctly held that

no case had been made against the Commissioner and that the complaint should be dismissed.

The second assignment of error charges that the court erred in "cutting off" the case and deciding it without allowing argument. The record shows that the trial court did not "cut off" any proof offered by the complainant. Further, it was admitted in argument at bar that the complainant had no rebuttal evidence to offer. The trial court precluded argument by abruptly stating at the conclusion of the evidence, "I do not need any argument on that". It would have better conformed to judicial courtesy if counsel had been given an opportunity to be heard. As said by Sir Francis Bacon (3 Harvard Classics 138-9):

"Patience and gravity of hearing is an essential part of justice; * * * It is no grace to a Judge * * * to show quickness of conceit in cutting off evidence or counsel too short * * * let not the Judge meet the case half way, nor give occasion for the party to say his counsel or proofs were not heard."

However, we cannot hold this omission to be reversible error under the circumstances of this case. The complainant did not request argument before the trial court. The case was argued fully before us and a different result could not properly have been reached through argument in the court below.

The case here under consideration is easily distinguishable from the cited case of *Jerrell* v. *Norfolk & P. B. L. R. Co.*, 166 Va. 70, 184 S. E. 196. In the *Jerrell* case the trial was by a jury, having before it complicated questions of fact to decide. We there held that ample time should have been allowed counsel to argue the facts to the jury. In the instant case no jury was involved, the judge being the sole arbiter of the law and the facts.

For the reasons stated, we affirm the judgment of the trial court.

*Affirmed.*