## CIRCUIT COURT OF BEDFORD COUNTY

Commonwealth of Virginia

v.

Ila S. Freeman

### May 12, 1981

By JUDGE WILLIAM W. SWEENEY

The defendant was tried by a jury on a charge of attempting to obtain money by false pretenses. She was convicted on December 11, 1980, and given a twelve month jail sentence and a fine of $1,000.00.

On defense motion to set aside the verdict, counsel argues that the trial court erred in not allowing certain testimony of Richard Freeman and in limiting time for closing argument. Briefs and argument on the issues have been considered.

As to the first issue, the Commonwealth introduced in rebuttal the testimony of Richard E. Freeman, the ex-husband of the defendant. On cross examination by the defense he was asked, "And did you ever strike your wife?" The Commonwealth objected on the grounds of relevance. After a discussion, the Court sustained.

The defense argues that the testimony should have been admitted to show bias, but defendant failed to make up the record out of the jury's presence as to what Freeman's testimony would have been.

The objection must be overruled on two grounds. First, the question was not relevant. Second, to preserve the point, it was necessary to make up the

record on the answer of the witness. Doughty v. Common-wealth, 204 Va. 240, 129 S.E.2d 664 (1963).

On the second issue, the Court allowed for closing argument 20 minutes to the Commonwealth and 25 minutes to the defense. Only the defense objected. Defense counsel actually used 28 minutes.

In spite of the fact that the trial had to be continued over a period of days, this was a one issue case involving one charge. The maximum penalty would have been 10 years. Many witnesses testified but only several witnesses were lengthy.

The length of time allowed for closing argument in a criminal case is usually a matter within the court's discretion. See Stein, Jacob, "Closing Argument; the Art and the Law" (Callaghan & Co., 1978). Although the right to make a closing argument is generally recognized, it is interesting to note that Section 19.2-265, Code of Virginia, grants the right to make an opening statement in criminal cases but is silent as to closing argument. Factors to be considered as to length of argument are:

1. Length of trial.
2. Amount of evidence.
3. Number of witnesses.
4. Complexities of law and issues.
5. Gravity of the offense.
6. Pressure of time.
7. Peculiarities of counsel.

In Brown v. Peters, 202 Va. 382, 117 S.E.2d 695 (1961), defense counsel objected to the court limiting his final argument to the jury to 25 minutes. The plaintiff was allowed 50 minutes because he had to present his case against two defendants. In affirming, the Supreme Court stated the modern Virginia rule citing both civil and criminal cases in support.

A litigant has a right to have his case fully and fairly argued before the jury. In the absence of statutes providing otherwise,

<u>the time allowed counsel for argument is</u>
<u>within the sound discretion of the court,</u>
<u>the exercise of which will not be interfered</u>
<u>with by an appellate court in the absence of</u>
<u>a clear showing of prejudice to the substan-</u>
<u>tial rights of the complaining party</u>. No
precise rule can be laid down as to the time
limit to which the argument of counsel may
be properly restricted. What limitation is a
reasonable one will necessarily depend
greatly upon the circumstances and nature of
the particular case. <u>Jones</u> v. <u>Commonwealth</u>,
87 Va. 63, 68, 12 S.E. 226; <u>Jerrell</u> v. <u>Nor-
folk</u>, etc., <u>Belt Line R. Co.</u>, 166 Va. 70,
74, 75, 184 S.E. 196; 2 Michie's Jur.,
Argument and Conduct of Counsel, § 3, page
62; 53 Am. Jur., Trial, §§ 461 and 462,
pages 364 et seq.; 88 C.J.S., Trial, §§ 168
and 169, pages 333 et seq.

There is nothing to indicate that the rights
of the defendants were prejudiced here.
Counsel for Ayers argued on behalf of his
client fully and completely at the bar of
this Court within a period of about 30
minutes. With marked ability, he set out all
of the evidence relied on, the errors as-
signed by him, and the principles of law
involved as amply as could normally have been
done in twice that time.    202 Va. at 391
(Emphasis added)

The defense relies heavily on <u>Jones</u> v. <u>Common-
wealth</u>, 87 Va. 63 (1890). There are several distin-
guishing features. The <u>Jones</u> case is over ninety years
old. Later Virginia cases citing it have not applied
it strictly. See <u>Brown</u> v. <u>Peters</u>, <u>supra</u>. The customs
and practices of court procedure have changed since
1890. No longer can we afford to follow the leisurely
pace of the past. It would be interesting to compare
the time allotted by the Virginia Supreme Court in
1890 and that allowed today. Apparently, there were 17
witnesses for the Commonwealth alone. In our case
there were nine. Jones was convicted of malicious

wounding or assault and given five years in the penitentiary. Both the range of punishment and the actual sentence imposed were greater than in the case at bar. The *identity of the defendant was a major issue in* *Jones.* To hold that approximately 30 minutes for closing defense argument was an abuse of discretion in the case before us in the absence of a showing of prejudice would be holding, in effect, that judges, cannot impose limitations on arguments in criminal cases.

For the reasons stated, the motion to set aside the jury verdict as to guilt is overruled.