## CIRCUIT COURT OF ALBEMARLE COUNTY

Terrence K. Wolfe

> v.

Rector and Visitors
of the University of Virginia

November 16, 1990

By JUDGE JAY T. SWETT

Pending before the court is the motion of respondent, the University of Virginia ("the University"), to dismiss the petition of Terrence K. Wolfe ("Wolfe") for review of the University's denial to Wolfe of in-state tuition benefits. The University contends that this court is barred from hearing the present action by the doctrine of *res judicata*.

In January, 1989, Wolfe, an out-of-state student, enrolled in the University's Graduate School, applied to the University of Virginia for reclassification as a Virginia domiciliary to become eligible to receive in-state tuition benefits. In February, 1989, the University denied Wolfe's application because he failed to rebut the statutory presumption set forth in Va. Code Ann. Section 23-7.4(C), *i.e.*, that he was in the Commonwealth for the purpose of attending school and not as a *bona fide* domicile. Wolfe appealed this decision to a University appeals committee established pursuant to Va. Code Ann. § 23-7.4(H) without success. Thereafter, Wolfe sought review of the University's decision in this court pursuant to Va. Code Ann. § 23-7.4(H). That section confines circuit court

review of such decisions to a determination that they are supported by substantial evidence and are not arbitrary, capricious, or otherwise contrary to law. On September 8, 1989, this court entered judgment for the University, finding that its decision met the statutory standard. *Wolfe v. Rector and Visitors of the University of Virginia*, No. 7008-C, Order of 9/8/89 ("Wolfe I").

In December, 1989, Wolfe again applied for reclassification as a Virginia domiciliary to be eligible to receive in-state tuition benefits beginning with the summer, 1990, term. The University again denied Wolfe's application. A University appeals committee affirmed this denial. Stating that it found "no material change" in Wolfe's situation from the time of his earlier appeal, the committee found that Va. Code Ann. § 23-7.4(C)'s presumption concerning domiciliary intent had "not been rebutted." *Administrative Record, Ex. 17*, Letter of David Martin, Appeals Committee Chairman, to Terrence Wolfe, May 7, 1990. On June 22, 1990, Wolfe again sought review in this court of the University's decision, pursuant to Va. Code Ann. § 23-7.4(H). Thereafter, the University moved to dismiss this action on grounds of *res judicata*. It contends that because the evidence underpinning Wolfe's present claim is materially no different from that asserted in support of his prior claim, the instant claim is the same. Thus, this court's decision in *Wolfe I* bars further adjudication.

This court recognizes that a judgment on the merits in one action bars relitigation of that same cause of action. *See Cohen v. Power*, 183 Va. 258 (1944). Nevertheless, the court believes that these venerable principles of *res judicata* do not apply to cases such as the instant case. In regard to cases under § 23-7.4, the legislature apparently contemplated a continuing right both to apply for in-state tuition benefits and to circuit court review of their denial. Va. Code Ann. § 23-7.4(D) states that "[i]t is incumbent on the student to apply for change in domiciliary status on becoming eligible for such change . . ." thus leaving it up to students to decide in the first instance whether their circumstances have so changed as to merit an application for in-state benefits. Nowhere is this opportunity to apply limited to one application. Instead, students may apply "on becoming eligible" for reclassification, and because it is "incumbent" on students

to apply, a determination by a student that he has "become eligible" is sufficient to begin the application process.

Once begun, the application process must satisfy certain statutory requirements. Va. Code Ann. § 23-7.4(H) requires that state institutions of higher education establish an appeals process of at least two levels for students aggrieved by adverse determinations concerning in-state tuition benefits. Moreover, the section grants any student aggrieved by the final decision the right of review in circuit court. The circuit court is required to examine the record of the administrative proceedings to determine "whether the decision reached by the institution could reasonably be said, on the basis of the record, to be supported by substantial evidence and not to be arbitrary, capricious, or otherwise contrary to law." Va. Code Ann. § 23-7.4(H).

The appellate process is open to all students who apply for in-state tuition eligibility. If students may apply more than once for in-state tuition upon their assessment of changed circumstances, the internal appeals process required by statute must be open for each application. It follows that circuit court review of the administration final decision must be available as well. Section 23-7.4(D) entitles students to apply for in-state status upon their initial assessment of their circumstances. Application of *res judicata* would vitiate this entitlement, by preventing courts from reviewing claims that students, by statute, may bring and have reviewed.

Moreover, the circuit court's review is not *de novo*. Instead, it is based solely on an established administrative record and assesses not the merits of petitioners' claims but whether the appellate determination was at least supportable and not arbitrary, capricious, or contrary to law. Here, the court is exercising a quasi-appellate function, similar to an appellate court applying a "clearly erroneous" standard. *Res judicata*, however, is more aptly applied in courts of original jurisdiction. By the time an in-state status decision reaches circuit court, the claim has already been "litigated" at the administrative level. Nothing bars this court from exercising its statutory jurisdiction to review the administrative decision according to the prescribed standard.

In the instant case, Wolfe has, pursuant to a statutory entitlement, applied for in-state tuition status. He has received an initial administrative and appellate determination. He has a statutory entitlement to review that determination in this court for the reasons cited *supra*. This court is required to proceed in the review of the University's determination regarding Mr. Wolfe's eligibility for in-state tuition benefits according to the standard set forth in Va. Code Ann. § 23-7.4(H).

The parties are requested to notify the court if there are any further matters to consider beyond what is now in the record. If there are none, the court will proceed to decide the matter under § 23-7.4(H).