## CIRCUIT COURT OF ALBEMARLE COUNTY

Terrence K. Wolfe

v.

Rector and Visitors
of the University
of Virginia et al.

October 3, 1991

Case No. 7540-C

By **JUDGE JAY T. SWETT**

Petitioner, Terrence K. Wolfe, has filed this action against the Rector and the Visitors of the University of Virginia challenging the University's decision that he was not entitled to in-state tuition as of December 23, 1989. At that time, Wolfe was enrolled as a graduate student at the University of Virginia. Wolfe's petition was filed in accordance with Va. Code § 23-7.4(H) which provides for limited judicial review in this court. In addition, Wolfe challenges the constitutionality of Section 23-7.4 arguing that the statute is unconstitutional on its face and as applied by the University.

*Facts*

The facts necessary to resolve petitioner's claim are not in dispute. Wolfe moved to Virginia in 1988 and applied to the University of Virginia for admission into its graduate studies program. In conjunction with his application, he applied for eligibility for in-state tuition status. His request was denied and Wolfe appealed the

decision including filing for judicial review in this court. In that action, also styled *Terrence K. Wolfe v. Rector and Visitors of the University of Virginia,* Albemarle Circuit Court Case No. 7008-C, this court denied Wolfe's petition and affirmed the University's decision to deny Wolfe in-state tuition status.[1]

Wolfe's December, 1989, application for in-state tuition status was denied in January, 1990. Wolfe appealed that decision through the University's appeal process. Wolfe's appeal was denied in a letter dated June 13, 1990. During the appeal process, Wolfe also became embroiled in a dispute with the University as to whether he was entitled to a transcript as part of the appeal process and whether he in fact initiated the final appeal to the Office of the President which resulted in the June 13, 1990, letter.

The matter has been submitted on briefs and oral argument.

### Constitutional Claims

Wolfe's frontal assault on the constitutionality of § 23-7.4 is without merit. Section 23-7.4 is on its face a legitimate exercise of the state's power to establish residency requirements and who is and who is not entitled to the benefit of lower in-state tuition rates. No legitimate argument can be made that a state does not have this power or that § 23-7.4 does not comport with applicable constitutional requirements. *Martinez v. Bynum,* 461 U.S. 321 (1983); *Lister v. Hoover,* 706 F.2d 796 (7th Cir. 1983); *Hooban v. Bowling,* 503 F.2d 648 (6th Cir. 1974); *Michelson v. Cox,* 476 F. Supp. 1315 (S.D. Iowa 1979).

Section 23-7.4 establishes a permissible procedure for state institutions to determine domicile and domiciliary intent for the purpose of determining those eligible for in-state tuition rates. Section 23-7.4(B) lists factors to be considered in determining domiciliary intent. The

---

[1] In response to the filing of this petition, the University argued that the decision in Case No. 7008-C required a dismissal of this action based on principles of res judicata. This court denied the University's motion to dismiss in a letter opinion dated November 16, 1990. [22 Va. Cir. 191].

statute provides that the factors to be considered must have existed for a one-year period prior to the "date of the alleged entitlement" which corresponds with the beginning of the applicant's participation in an academic program. The statute places upon the applicant the burden to prove "by clear and convincing evidence" that he was a domicile for the one-year period prior to enrollment. Further, the statute provides that a student who enters an institution classified as an out-of-state student is required to rebut by clear and convincing evidence a presumption that he remains in the Commonwealth for the purpose of attending school and not as a bona fide domicile. The statutory scheme has been approved in numerous cases and cannot be seriously challenged here.

Wolfe's principal challenge is that the statute as applied to him under these facts is unconstitutional. More specifically, he contends that he has met all if not most of the objective factors listed in § 23-7.4(B),[2] and in effect there is nothing else he can do to establish domicile for purposes of in-state tuition. In effect, Wolfe argues, the statute as applied to him creates, for all practical purposes, an irrebuttable presumption that he can never overcome and is therefore unconstitutional under *Vlandis v. Kline*, 412 U.S. 441 (1973). In *Vlandis*, the United States Supreme Court ruled unconstitutional a Connecticut statute that created an express irreversible and irrebuttable statutory presumption that effectively prevented a nonresident from ever being considered a resident for in-state tuition purposes.

Wolfe's argument is similar to the argument presented and rejected in *Michaelson, supra*. In *Michaelson*, plaintiff, classified by the University of Iowa as a nonresident student for tuition purposes, subsequently applied for reclassification while attending the university. The Iowa rules regarding eligibility for in-state tuition are similar to those here. In addition to a number of objective factors, the Iowa rules establish a presumption that one who enrolls in an educational institution will be presumed to be in

---

[2] Wolfe had registered to vote in Virginia, had a Virginia driver's license, had registered his vehicle in Virginia, and had filed state tax returns as of the date of his application.

Iowa for educational purposes and not to establish residency.

Wolfe's contention in essence is that the only legitimate statutory scheme to determine eligibility for in-state tuition that can withstand constitutional muster is a purely objective set of factors which thereby eliminate any element of subjectivity in the process of establishing domiciliary intent. The difficulty with this argument is that domiciliary intent is a component of domicile. A determination of intent is inherently a matter requiring some component of subjectivity. Here, although Wolfe satisfied a number of the objective factors cited in § 23-7.4(B), the University determined that Wolfe's lack of employment before his enrollment in school and his lack of full time employment during school or full time employment awaiting him on graduation were factors, taken together with all of the other evidence before it, that justified a finding that Wolfe had not met his burden of establishing domicile by clear and convincing evidence. While Wolfe offers explanations for his absence of employment, this court does not find that the decision by the University to consider employment-related factors, together with the others, as a basis to deny Wolfe in-state tuition status was arbitrary, unreasonable, or otherwise violative of his constitutional rights.

### Judicial Review under Section 23-7.4(H)

Apart from the constitutional issues just discussed, this court has reviewed the record and the arguments of the parties in light of the limited statutory review required under subsection H of § 23-7.4. Based on that review, the decision by the University is supported by substantial evidence and is neither arbitrary, capricious, nor otherwise contrary to law.

Accordingly, the petition filed in this action is dismissed with prejudice.