# CIRCUIT COURT OF THE CITY OF RICHMOND

Earnest Sukens
and Anna M. Sukens

v.

Melvin L. Wilkes

March 11, 2004

Case No. LP-2135-1

BY JUDGE MELVIN R. HUGHES, JR.

In this case, two former tenants have brought suit against their landlord for business losses and damages. They claim that, after complaining to the landlord and the City of Richmond about roof and electrical problems at the demised premises, they were caused to move out. Defendant has responded by filing Special Pleas and a Demurrer.

The Special Pleas raise the issues of res judicata and collateral estoppel and bankruptcy. The Demurrer asserts that plaintiffs have not alleged sufficiently any cause of action and, specifically, cannot claim lost profits as these are speculative for a new business. The Demurrer further asserts that plaintiff Earnest Sukens cannot claim anything under the lease as it does not have his signature.

The parties agree that, prior to the instant action, defendant brought an unlawful detainer action against the plaintiffs and obtained a judgment. Defendant argues that the claims plaintiff makes now are barred because they could have been brought forward in the unlawful detainer action.

At a hearing on the Demurrer and Special Pleas, defendant furnished copies of a number of cases on res judicata. All of the cases accurately state the law. The defendant is correct that, under the doctrine of res judicata, that which could have been litigated under the same set of facts as those alleged is barred from later litigation. *See Cohen v. Power*, 183 Va. 258 (1944) ("If

the same facts or evidence would sustain both actions, then the two actions are considered the same and a judgment in one bars any subsequent action based upon the same facts. If different proof is required to sustain the different actions, a judgment in one is no bar to the maintenance of the other.") On the face of it, the unlawful detainer case as compared to this case does not involve the same set of facts that would support both actions. It seems that, in this suit, there would be the additional proof of the roof leak and the electrical problems, along with the proof as to the lost profits. This action would not be barred by res judicata.

On the matter of bankruptcy, the parties also agree that plaintiff Anna M. Sukens has been involved in a bankruptcy proceeding. Defendant contends that because of this and since this action is an "asset" either presently or in the past subject to the jurisdiction of the United States Bankruptcy Court, this plaintiff cannot proceed with this action. However, defendant has not cited any provision of the Bankruptcy Code that would preclude the plaintiffs from bringing this suit. The defendant is barred from collecting on the judgment he had against the plaintiff because of the automatic stay put into effect by 11 U.S.C. § 362, which stays in effect until the bankruptcy case is closed. I am not aware of any provision that precludes a plaintiff from bringing suit against one of its creditors.

Lastly on the demurrer, Defendant says that plaintiffs cannot sue for lost profits because their business was new and any such recovery would have to be based on speculation. However, by Va. Code § 8.01-222.1 "damages for lost profits of a new or unestablished business may be recoverable upon proper proof." Also, the fact that Earnest Sukens was not a signatory to the written lease does not preclude his claims for business losses but would preclude his claim for breach of covenant under the lease.

Accordingly, the special pleas are denied and the demurrer is overruled in part and sustained in part.