## CIRCUIT COURT OF FREDERICK COUNTY

Sterner

v.

Cravotta

November 24, 1982

Case No. (Chancery) 6762

By JUDGE ROBERT K. WOLTZ

The complainant entered into a contract with the defendant, an architect, on the standard form of the American Institute of Architects with respect to design and construction of an "earth sheltered residence." Complications developed between the parties before any construction commenced with respect to sums claimed due for services by the architect. As permitted by Article 9 of the contract, complainant requested arbitration of the dispute, which was had. The arbitration provision of the contract itself provides, "The award rendered by the arbitrator shall be final and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof."

The complainant was dissatisfied with the results of arbitration and instituted this suit to have the award set aside on the ground that the defendant fraudulently withheld and misrepresented facts to the arbitrator which were relevant to and directly affected the arbitration results. The complainant had asked for $5,000.00 in the arbitration, received an award of $375.00, and on a claim asserted by him the defendant received an award of $250.00.

At common law awards by arbitrators were not held invalid because they were unjust, inadequate, excessive or contrary to the law; but they could be set aside where

the arbitrators acted without jurisdiction to do so, exceeded their authority or on the matter of mistake of law, fraud, corruption of the arbitrators and the like. Am. Jur. 2d, *Arbitration and Award*, § 167. Section 8.01-580 is somewhat to the same effect:

> No such award shall be set aside, except for errors apparent on its face, unless it appear to have been procured by corruption or other undue means, or that there was partiality or misbehavior in the arbitrators or umpires, or any of them. But this section shall not be construed to take away the power of courts of equity over awards.

An award may be impeached for fraud employed by the successful party to the arbitration. Annot., 8 A.L.R. 1082. The rule in Virginia is without exception known to me that the party alleging fraud has the burden of proving it by clear and convincing evidence. *Ware* v. *Ware*, 203 Va. 189 (1962); *Cook* v. *Hayden*, 183 Va. 203 (1944); *Redwood* v. *Rogers*, 105 Va. 155 (1906); and numerous cases cited therein. I can think of no reason why the rule should be different in cases of arbitration. *See Adams* v. *Tri-City Amusement Company*, 124 Va. 473 (1919).

This case can be decided on that principle of evidence. To review the evidence presented would not be especially fruitful; suffice it to say that the burden on the complainant to prove fraud of the defendant in the arbitration proceeding by clear and convincing evidence was not met. As a consequence, judgment will enter for the defendant.