# CIRCUIT COURT OF THE CITY OF DANVILLE

Curtis Leon Taylor, Sr.

v.

Dennis H. Robinson, Jr.

September 29, 2003

Case No. CL 03-046.

By Judge Joseph W. Milam, Jr.

The defendant, Dr. Dennis H. Robinson, demurs to the allegation of fraud set forth by the plaintiff, Curtis Leon Taylor, in his amended Motion for Judgment and asserts the affirmative defense that the plaintiff's claim is time-barred. Specifically, the defendant demurs to the plaintiff's allegation that he "knowingly and intentionally" falsely represented the plaintiff's medical history and asserts that the plaintiff's action was commenced outside of the limitation period prescribed by law. The Court, in ruling on the defendant's demurrer, "consider[s] as true all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from the facts alleged." *Luckett v. Jennings*, 246 Va. 303, 307, 435 S.E.2d 400, 402 (1993). The defendant bears the burden of proving the facts necessary to prevail on his affirmative defense of the statute of limitations. *Lo v. Burke*, 249 Va. 311, 455 S.E.2d 9 (1995).

The defendant's demurrer tests the sufficiency of the plaintiff's factual allegations to determine whether the amended Motion for Judgment states a cause of action. Va. Code Ann. § 8.01-273 (Michie 2000). To state a cause of action for actual fraud, the plaintiff must allege "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to

mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." *Evaluation Research Corp. v. Alequin*, 247 Va. 143, 148, 439 S.E.2d 387, 390 (1987). The plaintiff must allege with particularity facts in support of each of the above elements. *Mortarino v. Consultant Eng'g Serv.*, 251 Va. 289, 467 S.E.2d 778 (1996) ("[W]here fraud is relied on, the [pleading] must show specifically in what the fraud consists, so that the defendant may have the opportunity of shaping his defense accordingly, and since [fraud] must be clearly proved it must be distinctly stated.").

The plaintiff's factual allegations proffered in support of his claim that the defendant "knowingly and intentionally" falsely represented his medical history are not sufficient to support a cause of action premised on actual fraud. Missing from the plaintiff's pleadings are specific details of the alleged fraud; information concerning the communication of the alleged misrepresentation and the plaintiff's reliance thereon have not been set forth with the requisite particularity. The Court allows "a very great latitude" in pleading causes of action premised on fraud. *Jordan v. Liggan*, 95 Va. 616, 618, 29 S.E. 330, 331 (1898). Nevertheless, the plaintiff's allegation of reliance on the defendant's "truthfulness" is simply too "vague, indefinite, and conclusory" to establish a valid claim for fraud. *Tuscarora v. B.V.A. Credit Corp.*, 218 Va. 849, 858, 241 S.E.2d 778, 783 (1978); *see also Ward's Equip. v. New Holland N. Am.*, 254 Va. 379, 385, 493 S.E.2d 516, 520 (1997) ("Generalized, nonspecific allegations ... are insufficient to state a valid claim of fraud."). The defendant's demurrer to the plaintiff's allegation of actual fraud is therefore sustained.

The defendant asserts by plea in bar his affirmative defense that the plaintiff's allegation of actual fraud is time-barred. Claims of fraud must be brought within two years of the accrual of the cause of action. Va. Code Ann. § 8.01-243 (Michie 2000). The plaintiff misplaces his reliance on § 8.01-230, which sets forth the general rule governing the accrual of causes of action. Va. Code Ann. § 8.01-230 (Michie 2000). The Court instead considers § 8.01-249, an exception to § 8.01-230, which contains a specific provision for the accrual of causes of action for fraud. Pursuant to § 8.01-249, the cause of action for fraud is deemed to accrue and the period of limitation to begin on the date of the fraud's discovery. Va. Code Ann. § 8.01-249 (Michie 2000). The plaintiff, during the August 26, 2003, telephone conference conducted before the Court, conceded that he discovered the alleged fraud immediately upon its commission on March 21, 2001. Because the plaintiff commenced this action on April 3, 2003, more than two years after discovering the alleged

fraud, the plaintiff's allegation of actual fraud is time-barred. The defendant's plea in bar is accordingly sustained.

The plaintiff is reminded that proceedings to recover compensation for injuries arising "out of and in the course of … employment" fall exclusively within the province of the workers' compensation laws and are properly brought before the Workers' Compensation Commission. Va. Code Ann. § 65.2-300(A) (Michie 2002); Va. Code Ann. § 65.2-307 (Michie 2002). The Commission "[is] entitled to resolve disputed medical evidence and to draw reasonable inferences from the evidence it [finds] to be more persuasive." *Mawson v. Rappahannock Gen. Hosp.*, 2003 Va. App. LEXIS 236, at *10 (Va. App. Apr. 22, 2003) (citing *Hawks v. Henrico County Sch. Bd.*, 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988)); *see Great N. Nekoosa Corp. v. Wood*, 37 Va. App. 54, 63, 553 S.E.2d 555, 559 (2001) ("The credibility of an expert witness and the weight to be accorded the evidence are matters within the province of the commission."). To the extent, therefore, that the plaintiff attempts to indirectly raise the issues now before the Workers' Compensation Commission, this Court declines to try the facts or to evaluate the credibility of the testimony submitted for the Commission's consideration.

Because the plaintiff's claim is time-barred, this Court is of the opinion that the plaintiff's amended Motion for Judgment must be dismissed. To allow the plaintiff an opportunity to amplify his allegations of fraud can serve no useful purpose. Moreover, given the plaintiff's concession before the Court that he did not rely upon the alleged misrepresentation and that reliance, if any, occurred when the Workers' Compensation Commission received the report of the defendant, the plaintiff cannot in any court properly plead a cause of action for fraud.